SMALL
vs.
FLINT ET AL.

SMALL vs. FLINT & THOMAS.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

The plaintiff has a right, on proving his demand, to have a judgment by default made final, without waiting for it to be called regularly on the docket.

A judgment by default made final, will not be set aside for an answer to the merits, when the defendant can show nothing in his favor but his own *laches* and their fatal consequences.

Relief will be granted on a motion for a new trial, when it will not be extented to a case in which it is sought to set aside a final judgment, in order to make a valid defence to the merits.

This is an action by the holder of a negotiable note against the drawer and the payee as endorser, for five thousand seven hundred and fifty dollars, payable on the 1st March, 1834, with ten per cent. interest thereon from the 14th of May, 1833, until paid.

The petition alleges, that payment was demanded of the drawer and refused, of which the endorser had legal notice; and that payment hath been *ineffectually demanded;* wherefore he prays judgment against the defendants *in solidum* for the amount of said note and interest.

Judgment by default was taken by the plaintiff against the defendants, on the 30th April, 1834; and on the 6th of May following, the plaintiff's counsel made proof of the execution of the note, and the judgment by default was made final and signed by the judge.

On the 8th of May, two days afterwards, *Flint,* one of the defendants, filed his affidavit, alleging that he and his co-defendant had a valid defence to the action; that they had prepared answers to the merits of the case, but were taken by surprise when coming into court on the morning of the 7th May, and learning that the judgment was made

final; that there were fifty or sixty cases between the cause <span style="float:right">WESTERN DIST.<br>*October*, 1834.</span> under trial, and this one, by which they were induced to believe, it would not have come on for several days, &c., that the judgment was obtained in an irregular manner, while a jury case was pending, and in a course of trial; they move the court that said judgment be set aside, that they be permitted to file their answers, which were annexed to the affidavit, and pray for such other order and decree as may be legal and just.

On the filing of this affidavit, with the answers annexed, the defendants in *propriâ personâ*, moved the court *ex officio*, to set aside the judgment taken by default, and order a new trial.

The district judge overruled the motion for a new trial, to which decision the defendants took a bill of exceptions. They then appealed.

*Mason and Winn*, for the plaintiff, contended that this case did not come within any of the rules or provisions of law, which permitted a final judgment to be opened or revised. It is not allowed by any of the modes pointed out in the Code of Practice, or settled by any decision of this court. *Code of Practice, article 556, 312.*

*Flint*, for the defendants, urged the equity and justice which required the judgment to be set aside on the ground of surprise, and that it was premature; and that there was a valid and meritorious defence to the plaintiff's demand.

2. He contended that there were no *laches* to be imputed to the defendants, when their defence was just and equitable. From the facts and circumstances set forth in the affidavit, the judgment should be set aside, and the answers permitted to be filed.

*Martin, J.*, delivered the opinion of the court.

The defendants being sued as maker and endorser of a promissory note, failing to put in answers, and judgment by default was taken on the 30th of April, 1834, which was made final on the 6th of May following, and signed by the

45

judge.   On the 8th of the same month, a motion was made by the defendants to have the final judgment set aside.   The decision of the District Court overruling that motion, is the matter this court is now called on to revise.

The motion was based on the affidavit of the maker of the note, setting forth the following facts.

The suit commenced during the April term, 1834.   There were then on the docket before this suit between fifty and one hundred others, which were jury cases, and were neither decided nor called up for trial.   The attention of the court, at the time the motion was made, had been engrossed since the first of the month, instant, by a jury case of considerable importance and great detail ; so that no other case could have been regularly taken up.   Both defendants daily and constantly attended the court, and neither of them saw or heard of any other case being acted on in the meanwhile, except the present, which could not have been reached in the regular course.   One of the defendants arrived at the court-house on the morning of the day on which the judgment appears to have been made final, a few minutes after the opening of the court, and was assured by some one present that nothing had been done, but to read the minutes.   The case already mentioned was still before the jury, and both the defendants were ignorant, until the minutes of the court were read on the morning of the seventh of May, of the judgment having been made final.   They had communicated to the attorneys of the plaintiff their intention of making a defence; and did not expect after this, that the judgment would have been made final until the cause was regularly reached on the docket. The defendants further urged that they had, by the conduct of the plaintiff, been deprived of the means of making a legal, valid and equitable defence to the merits of the action, viz: that the note sued on had been given to the plaintiff in lieu of a former one given him for the price of eleven negroes, and which three months after the sale, was alleged to have been lost; that three of the negroes so purchased had died, and others were languishing from redhibitory maladies, whereby the defendants were entitled to a diminution of the price.

WESTERN DIST.
*October*, 1854.

SMALL
*vs.*
FLINT ET AL.

The judgment by default is admitted to have been properly taken, and the question is narrowed down to a simple point : Was it properly and regularly made final ?

On the part of the plaintiff, it is contended that it was. His attorney might have required that it be made final three days after the default had been taken, *i. e.* on the *fourth* of May. Out of courtesy to the defendants, he waited until the sixth, when he considered his duty to his client forbade a further delay; that the notice of an intention to make a defence had been given before the institution of the suit ; that judgments by default are made final three days after the first judgment is rendered, and there is no necessity to wait, as in contested cases, until they are regularly reached in the progress of the business of the court, in calling the docket.

The plaintiff has a right, on proving his demand, to have a judgment by default made final, without waiting for it to be called regularly on the docket

On the part of the defendants, it cannot be seriously contended that they have not been guilty of some *laches;* but they urge the District Court ought to have considered that the penalty claimed by the plaintiff mulct them to the amount of thousands of dollars, while the injury which he might sustain, if they were relieved, was a short delay only. This court has· been referred to the case of *Randal* vs. *Bayon,* 4 *Martin, N. S.* 132, in support of the present application.

The court cannot say that any impropriety of conduct can be attributed to the plaintiff or his attorney. If the defendants suffer, it is in consequence of their own *laches.*

The plaintiff is in possession of a judgment by default, regularly made final. The defendants can offer nothing to induce us to set aside this judgment, but their own *laches* and their fatal consequences.

A judgment by default made final, will not be set aside for an answer to the merits, when the defendant can show nothing in his favor but his own *laches* and their fatal consequences.

The case of *Randal* vs. *Bayon,* 4 *Martin, N. S.* 132, was one in which relief was granted on a motion for a new trial. The present case is that of a definitive judgment, sought to be set aside.

There is a prayer for damages, on account of the frivolous appeal. Although both the defendants are members of the bar, this court will indulge the belief, that they have been induced to hope, they might obtain relief at our hands, by the too favorable view in which men are apt to consider their

Relief will be granted on a motion for a new trial, when it will not be extended to a case in which it is sought to set aside a final judgment, in order to make a valid defence to the merits.

WESTERN DIST. own cases.  Perhaps the plaintiff's claim to damages, is
October, 1834. rendered less forcible, by the consideration of his having
BENSON availed himself of the opportunity, which the defendants
vs.
MATHEWS. have given him (although unwillingly), of bringing his suit
to a favorable issue.  We do not consider this such a
case, as requires the infliction of heavy damages, none are
consequently awarded.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.